In the Matter of PHILIP CASSELL, an Attorney, Respondent.

First Department, November 4, 1938.

*J. Edward Lumbard, Jr.,* of counsel [*Walter N. Thayer, 3d,* with him on the brief; *Einar Chrystie,* attorney], for the petitioner.

*Terence J. McManus* of counsel [*Donald F. McManus* with him on the brief; *McManus, Ernst & Ernst,* attorneys], for the respondent.

PER CURIAM. It has been conclusively established that the respondent participated in a scheme to obtain $1,200 from a client as compensation for a physician and himself for services to be rendered in obtaining the payment of moneys due under the disability provisions of certain insurance policies. The respondent knew that the services of both the physician and himself were of little or no value and that the insured could have obtained the payments without expense by making personal application to the insurance companies. The physician originally demanded that respondent's client pay him ten per cent of the disability payments made, and the client, considering such a demand exorbitant, sought the advice of the respondent with respect thereto. The respondent had, in the first instance, sent his client to this physician representing him to be a friend of the respondent and a doctor associated with one of the insurance companies in which the client was insured. The doctor had stated that he was a cousin of the respondent and that he was "the main doctor" of the insurance company with

which he was associated and that his signature upon an application for disability would be sufficient to result in the granting of the application. The respondent induced his client to agree to pay the doctor $1,000 and $200 to the respondent upon the representation that the doctor would antedate the claim which would give the client the benefit of several additional monthly payments, and at the same time result in the saving of premiums which would otherwise be payable during that period.

The respondent further attempted, by dishonorable and dishonest means, to secure the payment of the aforesaid amounts. He also attempted, while his client was seriously ill, to procure his signature to an application for change of beneficiary in a policy intrusted to him for that purpose, concealing the fact that instead of inserting the name of his client's son, as he had been requested to do, he had inserted the name of the doctor's wife as one of the beneficiaries entitled to receive $2,000 of the proceeds of the policy.

The respondent should be disbarred.

Present — MARTIN, P. J., O'MALLEY, GLENNON, UNTERMYER and COHN, JJ.

Respondent disbarred.